FILED
10/11/2017
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 23, 2017 Session

## DONNIE TRAMMELL, ET AL. v. D'EDDRICK PEOPLES, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 15C317     Kelvin D. Jones, Judge**

_____

**No. M2016-02198-COA-R3-CV**

_____

This is a negligence action concerning injuries sustained from an accident. The trial court granted summary judgment in favor of the defendants. We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Reversed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J. and FRANK G. CLEMENT, JR., P.J., M.S., joined.

Aldo J. Stolt, Nashville, Tennessee, for the appellants, Donnie Trammell and Carolyn Trammell.

Russell B. Morgan and Frankie N. Spero, Nashville, Tennessee, for the appellees, D'eddrick Peoples and Freshpoint Tomato, LLC.

## OPINION

### I.     BACKGROUND

On February 21, 2014, Donnie Trammell, along with his wife, Carolyn Trammell (collectively "Plaintiffs"), were involved in a motor vehicle accident with D'eddrick Peoples ("Employee"), who was driving a box truck while in the course and scope of his employment with Freshpoint Tomato, Inc. (collectively "Defendants"). The accident occurred at approximately 5:23 a.m. on Interstate 65 and was recorded on a video camera mounted on the truck's dashboard. The recording is 12 seconds and includes the 8 seconds before impact and the 4 seconds following impact. In the eight seconds before impact, Employee can be seen traveling at a speed of approximately 60 miles per hour ("mph") in a middle lane while passing a construction scene monitored by police vehicles immediately to his right. Plaintiffs can be seen driving in the far left-hand lane ahead of

Employee. In the four seconds before impact, Mr. Trammell initiates his turn signal and begins to merge into Employee's lane. Unable to slow in time, Employee's truck collides with the vehicle operated by Mr. Trammell, causing it to spin.

On January 22, 2015, Plaintiffs filed suit against Defendants, alleging that Employee failed to:

a.    maintain the vehicle under proper and reasonable control;

b.    maintain a proper lookout for other vehicles on the roadway;

c.    operate the vehicle at an appropriate speed for the existing conditions;

d.    bring the vehicle under control and to stop when there was sufficient time and distance to do so before striking the vehicle in which [Plaintiffs] were riding;

e.    drive in a reasonable and prudent manner with regard for the control of the vehicle and traffic conditions on the roadway; [and]

f.    see that which was there to be seen and take proper action with respect thereto.

Plaintiffs further claimed that Employee violated Tennessee Code Annotated sections 55-8-124(a)[1] and -136(b)[2] by following more closely than was reasonable and prudent and by failing to exercise due care. Plaintiffs alleged that Employee's negligence caused the accident and their corresponding injuries.

On May 18, 2016, Defendants moved for summary judgment, citing the recording as evidence that Mr. Trammell was more than 50 percent at fault and that Employee acted as a reasonably prudent person would have under the circumstances, thereby negating the

---

[1] "(a) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles and the traffic upon and the condition of the highway."

[2] "(b) Notwithstanding any speed limit or zone in effect at the time, or right-of-way rules that may be applicable, every driver of a vehicle shall exercise due care by operating the vehicle at a safe speed, by maintaining a safe lookout, by keeping the vehicle under proper control and by devoting full time and attention to operating the vehicle, under the existing circumstances as necessary in order to be able to see and to avoid endangering life, limb or property and to see and avoid colliding with any other vehicle or person."

breach of duty element. Defendants alleged that the recording established that Mr. Trammell swerved in front of Employee. In support of their motion, Defendants attached a statement of undisputed material facts and declarations submitted by Rod Goodner, Freshpoint's Director of Operations, and Employee.

Mr. Goodner declared that he inspected the truck and the video camera mounted on the dashboard. He initiated the upload of the video and then downloaded the file onto his computer. He attached a true and accurate copy of the video. Likewise, Employee confirmed that the box truck was equipped with a video camera. He further claimed that Mr. Trammell "swerved his vehicle into my lane of traffic directly in front of the [box truck] that I was driving causing my [t]ruck to collide with the rear end of Mr. Trammell's vehicle."

On May 26, 2016, Plaintiffs noticed the deposition of Employee and Mr. Goodner. Their testimony was consistent with their declarations. Employee further claimed that he did not observe any signs as he approached the construction area. Thereafter, Plaintiffs filed their response to the motion for summary judgment on June 16, 2016, alleging, inter alia, that summary judgment was premature because discovery had not yet been completed. In their supporting memorandum, Plaintiffs further alleged as follows:

> Plaintiffs do not dispute that [Employee] was driving at a speed of 55 [mph] at the time of the impact; however, they allege that he failed to keep his vehicle under proper control, and without a proper lookout ahead in order to assess the totality of the circumstances surrounding the traffic conditions and the construction zone immediately to his right.
>
> * * *
>
> There has not been sufficient proof taken in this matter to determine all of the factual issues surrounding the videotape. Additionally, the videotape is of such a short length that it is impossible to determine the events leading up to the videotape of the collision, without further development of proof in this matter.

Plaintiffs claimed that "[r]easonable minds could differ as to the comparative fault between the drivers, and the proof in this matter should not be limited to a short video depicting the impact[.]" In their response to Defendants' statement of undisputed material facts, Plaintiffs admitted that the video accurately depicted the collision but responded to each material fact concerning the causation of the accident by stating "[d]enied as worded" without any citation to the record.

- 3 -

Defendants filed a response, further claiming that the video accurately depicted the collision and definitively established Mr. Trammell's fault, thereby shifting the burden to Plaintiffs to demonstrate the existence of facts that would lead a rational trier of fact to find in favor of them. Defendants alleged that summary judgment was appropriate because Plaintiffs failed to so respond.

The case proceeded to a hearing on the motion on June 24, 2016, after which the court directed Plaintiffs to file a supplemental response by July 22 after engaging in further discovery. Plaintiffs did not notice any additional depositions but did file a supplemental response in which they again alleged that discovery was not yet complete. They further claimed that reasonable minds could find that the collision was caused by Employee's high rate of speed in a well-lit construction zone immediately to his right. Plaintiffs also filed a second response to Defendants' statement of material facts with appropriate citations to the record. In support of their supplemental response, Plaintiffs attached affidavits from Billy J. Marlowe and Michael A. Wright.

Mr. Marlowe, who had "over ten years['] experience investigating traffic accidents in Davidson County," attested that his review of the video led him to believe that the collision was caused by Employee's high rate of speed in a construction area. Mr. Wright, who had "over forty years['] experience investigating traffic accidents in Davidson County" as evidenced by his curriculum vitae, attested that his review of the video led him to believe that Employee "was traveling too fast for the conditions then existing" and "did not slow down when approaching a well lighted construction area" or when passing "flashing blue lights." He claimed that "[b]ased on the short length of the video, it is my opinion that, prior to the beginning of the video, [Mr. Trammell] had slowed down and moved to the left lane when he approached the construction area, as required by state law." He too claimed that the collision was caused by Employee's "unsafe rate of speed in a construction area."

Defendants responded by asserting that Plaintiffs' affidavits were inadmissible and should be excluded as lay opinion testimony not provided by an actual witness and his or her own observations. They claimed that the court could not consider the affidavits as expert testimony because Plaintiffs failed to file the required expert witness disclosures. They alternatively asserted that even if the affidavits were admissible, the purported opinions of Mr. Marlowe and Mr. Wright did not create a genuine dispute as to any material fact. They continued,

> Mr. Marlowe and Mr. Wright do not assert that there were construction/road work signs or reduced speed limit signs preceding the alleged "construction area." Nor could they – there were no

construction/road work signs or reduced speed limit signs preceding the alleged construction area.

* * *

Thus, at the time of the collision, [Employee] was traveling in his lane of traffic, had his [t]ruck under control, there were no construction/road work signs or reduced speed limit signs preceding the alleged construction area, and Plaintiffs have presented no evidence that [Employee] was violating the speed limit on Interstate 65. There is clearly no dispute of fact regarding the appropriateness of [Employee's] rate of speed.

Defendants claimed that reasonable minds could not differ that Mr. Trammell was entirely at fault or, at the very least, more than 50 percent at fault. In support of their response, Defendants filed another declaration from Mr. Goodner, who attested that on the morning of the accident, he drove from Freshpoint's facility in Nashville and traveled the same route along Interstate 65 North to the scene. He claimed that "there were no construction/road work signs or reduced speed limit signs on Interstate 65 North preceding the road construction site that was situated near Rivergate exit."

The case proceeded to a hearing, after which the trial court granted summary judgment, finding that reasonable minds could not differ that Mr. Trammell was 50 percent or more at fault for the accident. Plaintiffs filed this timely appeal.

## II.    ISSUES

A.    Whether the trial court erred in limiting discovery.

B.    Whether Plaintiffs' affidavits were admissible.

C.    Whether the trial court erred in granting summary judgment.

## III.    STANDARD OF REVIEW

The appropriate summary judgment standard to be applied is as follows:

[W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the*

*summary judgment stage* is insufficient to establish the nonmoving party's claim or defense.

*Rye v. Women's Care Center of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). When a properly supported motion is made, "the nonmoving party 'may not rest upon the mere allegations or denials of [its] pleading,' but must respond, and by affidavits or one of the other means provided in [Rule 56 of the Tennessee Rules of Civil Procedure], 'set forth specific facts' at the summary judgment stage 'showing that there is a genuine issue for trial.'" *Id.* at 265 (quoting Tenn. R. Civ. P. 56.06). Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

"We review a trial court's ruling on a motion for summary judgment de novo, without a presumption of correctness." *Rye*, 477 S.W.3d at 250 (citations omitted). "In doing so, we make a fresh determination of whether the requirements of [Rule 56] have been satisfied." *Id.* (citations omitted). We must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008).

## IV. DISCUSSION

### A.

While not explicitly raised as a separate issue, Plaintiffs claim that the court erred in granting summary judgment before discovery could be completed, thereby depriving them of the opportunity to submit further testimony in support of their response. Our Supreme Court has provided the following guidance on such issues:

> If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in [Rule 56.07 of the Tennessee Rules of Civil Procedure]. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06.

*Rye*, 477 S.W.3d at 265. Here, Plaintiffs requested and received additional time in which to conduct discovery. Accordingly, we conclude that the court did not improperly limit

discovery at this stage in the proceedings and that Plaintiffs were provided adequate time in which to respond to the summary judgment motion. We caution Plaintiffs' counsel in using this argument in future cases – when faced with a properly supported motion, counsel should so respond with evidence discoverable at the summary judgment stage, not based upon "hypothetical evidence that could theoretically be adduced." *Id.* at 265.

B.

Defendants argue that the court should have excluded the affidavits of Mr. Marlowe and Mr. Wright as inadmissible lay opinion when neither witness observed the accident in question. They further claim that the affidavits are also inadmissible if offered as expert opinions because such opinions are only admissible when helpful.

Rule 701 of the Tennessee Rules of Evidence provides, in pertinent part, as follows:

> (a)    Generally - If a witness is not testifying as an expert, the witness's testimony in the form of opinions or inferences is limited to those opinions or inferences which are
>
> > (1)    rationally based on the perception of the witness *and*
> >
> > (2)    helpful to a clear understanding of the witness's testimony or the determination of a fact in issue.

(Emphasis added.). Likewise, Rule 702 of the Tennessee Rules of Evidence provides as follows:

> If scientific, technical, or other specialized knowledge *will substantially assist the trier of fact* to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise.

(Emphasis added.). Whether considered as lay or expert opinion testimony, the evidence offered was not helpful when the trier of fact could view the videotape and draw its own conclusions. The affidavits and the opinions contained therein were inadmissible.

C.

Plaintiffs argue that the court erred in granting summary judgment when genuine issues of material fact remained regarding the allocation of fault. Defendants respond by

claiming that they presented clear and undisputed material facts establishing that Plaintiffs are barred from recovery pursuant to the doctrine of comparative negligence. Defendants alternatively argue that the court's summary judgment decision should be affirmed because the undisputed material facts establish that Employee did not breach a duty of care to Plaintiffs, a ground not relied upon by the trial court.

To prevail in a negligence cause of action, a plaintiff is required to establish five elements: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct falling below the applicable standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate or legal cause. *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995); *Kilpatrick v. Bryant*, 868 S.W.2d 594, 598 (Tenn. 1993). The analysis of duty is specific to the particular plaintiff and defendant involved. *Nichols v. Atnip*, 844 S.W.2d 655, 662 (Tenn.Ct.App.1992).

Our Supreme Court has "defined duty of care to be the legal obligation owed by defendant to plaintiff to conform to a reasonable person standard of care for protection against unreasonable risks of harm." *McClung v. Delta Square Ltd. P'ship*, 937 S.W.2d 891, 894-95 (Tenn. 1996) (citing *McCall v. Wilder*, 913 S.W.2d at 153). The Court further provided, "[a]ssuming a duty is owed, it must be determined whether defendant has exercised reasonable care under the circumstances. If defendant has not, the duty has been breached." *Id.* at 894-95.

Here, Employee owed a duty of due care pursuant to Tennessee Code Annotated sections 55-8-136(b), which provides as follows:

> *Notwithstanding any speed limit or zone* in effect at the time, or right-of-way rules that may be applicable, *every driver of a vehicle shall exercise due care* by operating the vehicle at a safe speed, by maintaining a safe lookout, by keeping the vehicle under proper control and by devoting full time and attention to operating the vehicle, under the existing circumstances as necessary in order to be able to see and to avoid endangering life, limb or property and to see and avoid colliding with any other vehicle or person.

(Emphasis added.).

Defendants argue that the video definitely established that Mr. Trammell was either entirely at fault or more than 50 percent at fault and further, that Employee did not breach his duty of care because he acted as a reasonable person. We disagree. Our review of the evidence reveals that reasonable minds could differ as to the allocation of fault and whether Employee acted as a reasonable person. While the recording

established that Mr. Trammell changed lanes in an abrupt fashion, the recording also established that Employee did not slow his speed while passing a construction area with police presence. Accordingly, we conclude that the motion was not properly supported and that the court erred in granting summary judgment when genuine issues of material fact remained, namely the allocation of fault and whether Employee breached a duty to exercise due care under the existing circumstances pursuant to section 55-8-136(b).

## V. CONCLUSION

The judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion. Costs of the appeal are taxed to the appellees, D'eddrick Peoples and Freshpoint Tomato, LLC

_____
JOHN W. McCLARTY, JUDGE